UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT LAKE,

    Plaintiff,

v.                                  Case No: 8:20-cv-03010-VMC-TGW

AETNA LIFE INSURANCE COMPANY
and
THE SCHOOL BOARD OF PINELLAS
COUNTY,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE SCHOOL BOARD OF PINELLAS COUNTY'S
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

Plaintiff Scott Lake ("Plaintiff") files this opposition to Motion to Dismiss the Amended Complaint ("Motion") filed by the Defendant the School Board of Pinellas County (the "School Board").

## <u>Introduction</u>

Plaintiff brought this action individually against the School Board and on a class-wide basis against Defendant Aetna Life Insurance Company ("Aetna") on behalf of beneficiaries of non-ERISA plans administered by Aetna who were denied Proton Beam Radiation Therapy ("PBRT") because of Defendants' uniform application of Aetna's unlawful medical policy to deny as

"experimental or investigational" such treatment for cancer, despite PBRT being recognized for decades by the medical community as an established, medically appropriate treatment for cancer.

Plaintiff is a beneficiary of an Open Access Aetna Select HRA Plan designed and administered by Aetna for the School Board (the "Plan"), in which the School Board is the Plan Sponsor and stands in contractual privity with the Plaintiff. (Am. Compl. ¶ 47, 48.) The Plan requires the School Board to not unreasonably deny coverage. (*Id.* ¶ 4.) Medical necessity, which is a defined term, is a requirement for a beneficiary to receive a covered benefit under the Plan. (*Id.* ¶¶ 50–51.) The Plan also includes a list of services that are not covered under the Plan. (*Id.* ¶ 52.) One such exclusion is for "[e]xperimental or investigational" treatments or procedures. (*Id.* ¶¶ 52–53.) PBRT, however, is not "experimental" or "investigational"; rather, it is recognized as an established, medically appropriate treatment for the treatment of cancer, including but not limited to prostate cancer, and its safety and effectiveness has been validated for cancer treatment. (*Id.* ¶¶ 54–56.) Plaintiff explains that, in denying coverage for PBRT treatment, the School Board and Aetna follow Aetna's Clinical Policy Bulletin No. 270 ("Proton Beam, Neutron Beam, and Carbon Ion Radiotherapy"), which is purposefully based on outdated medical evidence, fails to consider medical peer-reviewed evidence regarding PBRT, and is solely intended to reduce the amount of PBRT claims that are approved

2

across all of Aetna's plans. (*Id.* ¶¶ 3, 34, 43, 69.)

After being diagnosed with prostate cancer, Plaintiff's oncologist recommended Plaintiff undergo PBRT. (*Id.* ¶ 57.) However, Aetna denied Plaintiff's request for pre-authorization of PBRT because "[t]he plan does not cover experimental or investigational services except under certain conditions," and used its "Clinical Policy Bulletin (CPB): Proton Beam and Neutron Beam Radiotherapy" to reach its decision. (*Id.* ¶ 58–59.) Two internal appeals were submitted on Plaintiff's behalf to Aetna; the appeals contained over 90 pages of written materials. (*Id.* ¶ 60–63.) The first appeal was denied in little over a week and the second appeal was denied in one day. (*Id.*) Aetna provided Plaintiff with no basis for its negative coverage determination aside from its reliance, to the exclusion of all contrary evidence, on Aetna's PBRT Clinical Policy Bulletin. (*Id.*) Plaintiff then requested an external review of Aetna's decision to deny coverage for PBRT, and the external review organization, which was unilaterally selected by Aetna, rubber-stamped Aetna's decision. (*Id.* ¶¶ 64–65.)

Plaintiff made a final appeal to the School Board and submitted substantial evidence to the School Board that PBRT for prostate cancer is neither experimental nor investigational. (*Id.* ¶¶ 66–71.) Despite this, the School Board relied on Aetna's direction and its Clinical Policy Bulletin to conclude that the PBRT procedure was "experimental and investigational."

3

(*Id*.) Plaintiff ultimately decided to follow the recommendation of his oncologist and received PBRT to successfully treat his prostate cancer, paying over $54,000 out-of-pocket for the treatment that should have been covered by his plan. (*Id*. ¶ 72.)

Plaintiff has asserted an individual claim for breach of contract (Count II) against the School Board. (*Id*. ¶¶ 105-114). Plaintiff alleges that he contracted with the School Board for health insurance and had a valid and enforceable agreement that required the School Board to not unreasonably deny coverage. (*Id*.) Plaintiff alleges that in rejecting PBRT coverage for Plaintiff, the School Board relied upon Aetna's directions, Aetna's PBRT Clinical Policy Bulletin, and Aetna's initial denials, and failed to consider the medical evidence submitted by Plaintiff and his providers. (*Id*.) As a result, the School Board wrongfully denied Plaintiff's request for PBRT coverage and thereby breached its contract with Plaintiff. (*Id*.)

The School Board moves to dismiss this claim based on a denial letter that it argues should be considered by the Court at the motion-to-dismiss stage, and which it contends contradicts Plaintiff's allegations that the School Board did not consider the evidence submitted by Plaintiff and his providers in Plaintiff's appeal to the School Board. The School Board contends that its attachment of the denial letter to its Motion is enough to invite the Court to decide a factual dispute and deprive Plaintiff of the opportunity to conduct

4

discovery. It is not. The School Board's Motion should be denied.

## **Memorandum of Law**

### I.     **Legal Standards**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "[f]actual allegations must be enough to raise a right to relief above the speculative level," detailed factual allegations are not required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must be "plausible," meaning that they contain sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 679. "[D]etermining whether a complaint states a cause plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679.

A court reviewing a motion to dismiss must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *See Bailey v. Janssen Pharmaceutica, Inc.,* 288 F. App'x 597, 602 (11th Cir. 2008); *Iqbal*, 556 U.S. at 678 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "A complaint may not be

dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000).

## II. Dismissal of the Complaint is Not Appropriate Based on the Denial Letter Attached to the School Board's Motion to Dismiss.

The School Board does not challenge the sufficiency of Plaintiff's allegations with respect to each of the elements of a breach of contract claim. Rather, it argues that the Court should resolve the factual disputes arising from the well pled complaint allegations by looking solely to one piece of documentary evidence that happens to have been created by the School Board itself. That sole piece of evidence consists of one unverified denial letter the contents of which are in dispute, and which, in any event, do not conclusively resolve whether the School Board denied benefits in violation of the plan's terms. The School Board's Motion should be denied.

"[A] motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint, not whether the evidence proves the plaintiff's claim." *Nece v. Quicken Loans, Inc.*, 8:16-CV-2605-T-23TBM, 2017 WL 2865047, at *1 (M.D. Fla. Jan. 3, 2017); *Stevenson v. Colgate-Palmolive Co*, 617CV417ORL40DCI, 2017 WL 11231015, at *3 (M.D. Fla. Sept. 7, 2017) ("The Court's role at this

stage is to test the sufficiency of the complaint, not weigh evidence."). In order to survive a motion to dismiss, Plaintiff is "not required to plead evidence, nor even all the facts upon which [its] claim is based." *Gentry v. Carnival Corp.*, 11-21580-CIV, 2011 WL 4737062, at *4 (S.D. Fla. Oct. 5, 2011).

### A. The Court cannot accept the contents of the denial letter as true at the dismissal stage.

Courts ordinarily "do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). An exception exists where "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id*. However, even if a document is central to the plaintiff's claim and undisputed, the document "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Davis v. Group Homes For Children, Inc.*, CIV.A. 2:09CV415-WHA, 2009 WL 2905767, at *2 (M.D. Ala. Sept. 8, 2009) ("The Eleventh Circuit has recognized, however, an exception to this rule and allowed authentic documents to be considered on a motion to dismiss if they are referenced in the plaintiff's complaint, central to the plaintiff's claim, and

7

submitted for the limited purpose of showing what statements the documents contain rather than the truth of matters asserted in the documents.").

Plaintiff alleges that the School Board denied Plaintiff's benefits claim for coverage of PBRT in violation of the terms of the health plan between Plaintiff and the School Board. (Am. Compl. ¶ 109). In denying Plaintiff's claim in violation of the terms of the plan, the School Board relied on Aetna's direction, previous denials, and Aetna's purposefully outdated Clinical Policy Bulletin. (*Id.*) In response to these allegations, the School Board advances the denial letter and asks that the Court accept as true the matters asserted within it: that the School Board purportedly reviewed all materials submitted by the Plaintiff. This is improper. Although the fact that Plaintiff's claim was denied by the School Board is alleged in the Complaint and is central to the claim, the truth of the matters asserted in the self-serving denial letter that the School Board attaches to its Motion are in dispute, and it should not be considered by the Court on this Motion.

Indeed, the Eleventh Circuit has made clear that a court cannot, on a motion to dismiss, consider the truth of the matters asserted in documents outside the four corners of a complaint. *See Oxford Asset Mgmt.*, 297 F.3d at 1188 (noting that a court may consider the contents of securities filings to establish that there was a public disclosure of certain facts, not whether the facts disclosed were true). Thus, the Court could consider the denial letter, for

8

example, to show that the School Board denied the claim (a fact that neither party disputes), or that Plaintiff had notice of the denial (again, not a fact in dispute). But the Court cannot accept as true or conclusive the matter asserted within the letter—i.e., that the School Board actually reviewed the materials submitted by Plaintiff.[1] *See, e.g., Solodar v. Old Port Cove Lake Point Tower Condo. Ass'n, Inc.*, 12-80040-CIV, 2012 WL 1570063, at *6 (S.D. Fla. May 2, 2012) (declining to consider letter reflecting plaintiff's request for reasonable accommodation on motion to dismiss ADA complaint); *Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp. 2d 1370, 1374 n.4 (N.D. Ga. 2011) (declining to consider promissory note and assignment, attached to motion to dismiss, to

---

[1] In that vein, as the School Board explains, a court could properly consider an exhibit where "the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself." (Mot. at 9, quoting *Caldwell v. Nationstar Mortg., LLC*, No. 20-12984, 2021 WL 1229754, at *2 n.2 (11th Cir. Mar. 31, 2021). So, for example, if Plaintiff alleged that his claim for benefits was ignored and went unanswered by the School Board, then the contents of the denial letter would properly contradict that factual allegation. But that is not the case here.

As stated above, Plaintiff alleges (and the School Board agrees) that Plaintiff's claim was denied by the School Board. What remains in factual dispute, however, is whether the School Board actually reviewed all the materials submitted by Plaintiff—<u>and, more critically</u>, whether the conclusion that PBRT is "experimental" and "investigational" was a violation of the terms of the plan (regardless of what materials the School Board reviewed)—a question on which the denial letter is silent. *See Solodar*, 2012 WL 1570063, at *6 (rejecting defendant's argument that letter requesting reasonable accommodation required dismissal of ADA claim, as the letter did not shed light on whether a reasonable accommodation was actually made to the plaintiff).

9

conclusively determine what person held the note at the time of the lawsuit); *Reiser v. Wachovia Corp.*, 6:06-CV-795, 2007 WL 9719339, at *4 (M.D. Fla. Feb. 22, 2007) (declining to consider contents of state court filings to determine res judicata issue on motion to dismiss).

For this reason, the denial letter's contents should not be considered by the Court, and, as no other argument is made in support of dismissal, the motion to dismiss should be denied.

### B. The denial letter raises factual issues that cannot be resolved at this stage of proceedings.

Even assuming the contents of that letter were entirely truthful and accurate—a proposition that is in dispute and, in any event, cannot be tested by the Plaintiff without discovery—it raises factual issues that cannot be resolved by the Court at this stage. For example, the letter does not indicate, among other things, what weight was given to each of the materials reviewed (if any), whether the person reviewing these materials had the medical qualifications necessary to understand them, or whether the person reviewing these materials ultimately relied exclusively on the Clinical Policy Bulletin without regard to the other materials. More critically, the denial letter says nothing at all about whether the conclusion that PBRT is "experimental" and "investigational" was a violation of the terms of the language plan (regardless

of what materials the School Board reviewed), which is the central issue in this breach of contract claim.

It is established that, even where a court can properly consider an extrinsic document on a motion to dismiss, it cannot consider or decide disputed factual issues at the dismissal stage. *See, e.g., Harbor Gates Capital, LLC, v. Apotheca Biosciences, Inc., & Saeed Talari*, 8:20-CV-887-VMC-JSS, 2021 WL 1813898, at *4 (M.D. Fla. May 6, 2021) (argument that contents of the SEC brief "completely contradict" plaintiff's allegations in the complaint and therefore plaintiff "sets forth no facts that show that statements were false when made" is more appropriate at summary judgment); *Nece*, 2017 WL 2865047, at *1 (declining to consider at motion to dismiss a letter by plaintiff to defendant that purportedly contradicted plaintiff's allegation that defendant lacked her consent to call); *Themm v. Tervis Tumbler Co.*, 8:15-CV-55-T-30EAJ, 2015 WL 1293120, at *3 (M.D. Fla. Mar. 23, 2015) (declining to dismiss complaint as time barred based on "limited record" consisting of documents attached to motion to dismiss); *Hernandez v. Am. Fed'n of Police, Inc.*, 13-24002-CIV, 2014 WL 12600144, at *1 (S.D. Fla. Mar. 7, 2014) (declining to consider letter and other evidence because "[a]ddressing these issues now would require the Court to make factual determinations that are inappropriate at the motion to dismiss stage").

Fundamentally, the School Board urges the Court to consider the denial letter for an "improper purpose," namely to resolve factual disputes and deprive Plaintiff of the benefit of discovery—not to show that Plaintiff's claim does not state a cause of action. *See Kostoski v. Steiner Transocean, Ltd.*, 278 F.R.D. 695, 698 (S.D. Fla. 2012); *Rodriguez v. Nationwide Recovery Serv., Inc.*, 1:13-CV-02222-AT-JFK, 2014 WL 12860862, at *4 (N.D. Ga. Mar. 5, 2014). The School Board asks that this Court credit and accept as true all of the statements contained in the denial letter. For the reasons already stated above, this is not appropriate on a motion to dismiss. Instead, at this stage, the Court must accept all of Plaintiff's well-pleaded allegations as true.

The School Board has articulated no other colorable argument in its Motion as to why Plaintiff's claim should be dismissed. Therefore, the School Board's Motion must be denied.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the School Board's Motion to Dismiss.

DATED: May 25, 2021.

             Respectfully submitted,

             **COLSON HICKS EIDSON**
             255 Alhambra Circle, Penthouse
             Coral Gables, Florida 33134
             Telephone: (305) 476-7400
             E-mail: eservice@colson.com

By: /s/ *Stephanie A. Casey*
Stephanie A. Casey
Florida Bar No. 97483
scasey@colson.com

– and –

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800

By: */s/ Maria D. Garcia*
Maria D. Garcia
Florida Bar No. 58635
Email: mgarcia@kttlaw.com
Robert Neary
Florida Bar No. 81712
Email: rn@kttlaw.com
Frank A. Florio
Florida Bar No. 1010461
Email: fflorio@kttlaw.com
*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2021, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

By: */s/ Stephanie A. Casey*
Stephanie A. Casey

13