UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT LAKE,
on behalf of himself and all
other similarly situated,

     Plaintiff,

v.                           Case No. 8:20-cv-3010-VMC-TGW

AETNA LIFE INSURANCE COMPANY,
and PINELLAS COUNTY SCHOOL
BOARD,

     Defendants.

_____/

## ORDER

     This matter comes before the Court upon consideration of Defendant Pinellas County School Board's Motion to Dismiss Amended Complaint (Doc. # 58), filed on May 5, 2021, and Defendant Aetna Life Insurance Company's Motion to Dismiss Amended Complaint and to Strike (Doc. # 61), filed on May 19, 2021. Plaintiff Scott Lake responded to each Motion on May 25, 2021, and June 9, 2021, respectively. (Doc. ## 62; 63). For the reasons below, the School Board's Motion is denied, and Aetna's Motion is granted in part and denied in part.

## I.  Background

     Both the Court and the parties are familiar with the facts of this putative class action. Thus, the Court need not reiterate them in detail here. This case arose out of a denial

of insurance coverage for Lake's prostate cancer treatment. (Doc. # 53 at ¶ 58). Specifically, Aetna denied Lake's request to pre-authorize proton beam radiation therapy because his plan "does not cover experimental or investigational services except under certain circumstances." (Id.). Lake appealed this denial a number of times – both to Aetna and to the School Board, the plan sponsor with whom Lake contracted – but none of those appeals succeeded. (Id. at ¶¶ 4, 48, 60-68). Despite these denials, Lake still underwent proton beam radiation therapy. (Id. at ¶ 72).

On October 30, 2020, Lake initiated this putative class action in state court. (Doc. # 1). On December 17, 2020, the case was removed to this Court on the basis of Class Action Fairness Act diversity jurisdiction. (Id.). Both Defendants then moved to dismiss. (Doc. ## 9; 12). On March 26, 2021, the Court granted the School Board's motion, dismissing Lake's claim for breach of the implied covenant of good faith and fair dealing, and granting leave to amend. (Doc. # 50).

On April 21, 2021, Lake filed an amended complaint. (Doc. # 53). In the amended complaint, Lake seeks to represent a nationwide class of other similarly situated individuals who were denied coverage by Aetna for proton beam radiation therapy. (Id. at ¶ 74). Lake also proposes a subclass for

2

Florida plan participants. (Id. at ¶ 75). The amended complaint includes the following claims: tortious interference with a contractual relationship against Aetna (Count I), breach of contract against the School Board (Count II), and declaratory and injunctive relief against Aetna (Count III). (Doc. # 53). The amended complaint includes class allegations against Aetna only. (Id. at ¶¶ 93-123).

Now, both the School Board and Aetna move to dismiss the amended complaint. (Doc. ## 58; 61). Aetna also requests that the Court strike the class allegations. (Doc. # 61 at 1). Lake has responded to each Motion (Doc. ## 62; 63), and they are now ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

> the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are considered drastic remedies, and are thus disfavored by courts. See Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Indeed, they are generally denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (citations omitted).

III. **Analysis**

Both the School Board and Aetna move to dismiss the claims against them. (Doc. ## 58; 61). Additionally, Aetna requests that the Court strike Lake's class allegations. (Doc. # 61 at 1). The Court will address each Motion in turn.

A. **The School Board's Motion to Dismiss**

The School Board moves to dismiss Count II – Lake's claim for breach of contract – arguing that it fails because "[t]he allegations in the amended complaint are expressly contradicted by [the School Board's] denial letter." (Doc. # 58 at 9). Lake responds that (1) "[t]he Court cannot accept the contents of the denial letter as true at the dismissal stage," and (2) "[e]ven assuming the contents of that letter were entirely truthful and accurate[,] . . . it raises factual issues that cannot be resolved by the Court at this stage." (Doc. # 62 at 7, 10).

To state a cause of action for breach of contract under Florida law, the plaintiff must allege: "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Textron Fin. Corp. v. Lentine Marine Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (citation omitted). Here, Lake alleges that the School Board "breached its contract for insurance coverage with [Lake] by

arbitrarily and wrongfully denying coverage for [proton beam radiation therapy]." (Doc. # 53 at ¶¶ 71, 109). Specifically, the School Board breached "the terms of his insurance plan . . . by relying upon an outdated and arbitrary 'Policy Bulletin' without ever reviewing the medical evidence submitted by [Lake] and his providers" and "failing to provide the full extent of insurance benefits owed to him, as [proton beam radiation therapy] was medically necessary." (Id. at ¶¶ 109, 111). Lake was allegedly harmed by this breach because he had "a right to receive [the] benefits." (Id. at ¶ 113).

The School Board does not argue that Lake has insufficiently pled the elements of such breach. Rather, it argues that the allegations in the amended complaint are clearly contradicted by the School Board's denial letter, which it attaches to its Motion. (Doc. # 58 at 9; Doc. # 58-1). Thus, the Court must determine whether it can presently consider the contents of the denial letter.

"Generally, a district court must 'convert a [Rule 12(b)(6)] motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." Moog Mktg., Inc. v. TD Bank, Nat'l Ass'n, No. 6:18-cv-1765-JA-TBS, 2019 WL 2492772, at *1 (M.D. Fla. Feb. 5, 2019) (quoting Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005)). However,

under the incorporation by reference doctrine, the Court may consider a document attached to a motion to dismiss "if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). A document is "central to a complaint when it is a necessary part of [the plaintiff's] effort to make out a claim." Kalpakchian v. Bank of Am. Corp., 832 F. App'x 579, 583 (11th Cir. 2020) (internal quotation marks and citation omitted). A document is undisputed when its authenticity is not challenged. Horsley, 304 F.3d at 1134.

Here, Lake does not take issue with the denial letter being both central to the complaint and authentic. (Doc. # 58 at 7-9; Doc. # 62 at 7-10). However, Lake argues that "the truth of the matters asserted in the self-serving denial letter that the School Board attaches to its Motion are in dispute, and it should not be considered by the Court on its Motion." (Id. at 8).

The Court agrees that the School Board is improperly invoking the denial letter to prove a disputed fact at this stage. In the amended complaint, Lake alleges that the School Board breached the contract by, in part, "relying upon an outdated and arbitrary 'Policy Bulletin' without ever reviewing the medical evidence submitted by [Lake] and his

providers." (Doc. # 53 at ¶ 109). The School Board contends that the denial letter contradicts this allegation, because it states that "it reviewed and considered everything submitted by [Lake]," including which documents it reviewed. (Doc. # 58 at 10). This attempt to disprove Lake's allegations is premature at the motion-to-dismiss stage. See Morgan v. Ocwen Loan Servicing, LLC, 795 F. Supp. 2d 1370, 1374 n.4 (N.D. Ga. 2011) ("Defendants assert that the Court may consider documents referenced in the complaint[.] . . . However, Defendants are attempting to use these documents to dispute a central factual allegation of Plaintiff's complaint, compared to the securities cases wherein courts have considered on a motion to dismiss documents required to be filed with the SEC of which the contents, and not the truth, were at issue."); see also Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage.").

The School Board cites to Caldwell v. Nationstar Mortgage, LLC, --- F. App'x ----, 2021 WL 1229754 (11th Cir.

Mar. 31, 2021), for the proposition that the contents of the denial letter control, rather than the allegations in the amended complaint. (Doc. # 58 at 9). However, that case states the rule that when an exhibit attached to the complaint – rather than to a motion to dismiss – conflicts with the allegations in the complaint, the exhibit controls. Caldwell, 2021 WL 1229754, at *2 n.2. Because this argument forms the sole basis for the School Board's Motion, the Court declines to dismiss Count II. See Moog Marketing, 2019 WL 2492772, at *2 ("Accordingly, the Court declines to consider the deposit agreement at the motion-to-dismiss stage. Because TD's entire motion to dismiss depends on the evaluation of the terms of the deposit agreement, the motion must fail.").

**B. Aetna's Motion to Dismiss and to Strike**

In Aetna's Motion, it seeks dismissal of all of the claims against it, both for failure to state a claim and for lack of standing. (Doc. # 61 at 1, 18). Aetna also requests that the Court strike Lake's class allegations. (Id. at 1). The Court will begin by addressing Lake's standing to pursue his claims against Aetna. See Crowder v. Andreu, Palma, Lavin & Solis, PLLC, No. 2:19-cv-820-SPC-NPM, 2021 WL 1338767, at *1 (M.D. Fla. Apr. 9, 2021) ("As a threshold jurisdictional issue, the Court must consider standing first.").

## 1. **Standing**

First, Aetna argues that Lake "lacks standing to assert a claim against Aetna because he . . . has failed to articulate a plausible injury attributable to Aetna which can be remedied by a favorable order." (Doc. # 61 at 18-19). Lake responds that he has standing to pursue his claims because he "has stated a tortious interference claim, and alleged that Aetna wrongfully denied [his] insurance claim for [proton beam radiation therapy]. Aetna's denial of [Lake's] claim, and its mandate that the School Board follow suit, caused [him] to suffer an economic loss equal to the out-of-pocket cost of paying for the [proton beam radiation] therapy." (Doc. # 63 at 11).

To establish constitutional standing, three elements must be met: (1) the plaintiff "must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court," and (3) "it must be likely, as opposed to merely speculative,

that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). "The party invoking federal jurisdiction bears the burden of proving standing." Bischoff v. Osceola Cnty., 222 F.3d 874, 878 (11th Cir. 2000).

Here, the Court agrees with Lake that he has standing to pursue his claim for tortious interference against Aetna. As discussed more in depth below, Lake has adequately alleged an injury in the form of denial of his proton beam radiation therapy claim by virtue of Aetna's interference with his insurance contract. (Doc. # 53 at ¶¶ 93-104); see also Bischoff, 222 F.3d at 878 ("[W]hen standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing."). Traceability is satisfied because Lake alleges that Aetna had a substantive role in inducing the School Board to deem his treatment medically unnecessary. See (Doc. # 53 at ¶¶ 8-9 (alleging that Aetna "forc[ed]" the School Board to deny coverage)); see also Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1273 (11th Cir. 2003) ("[E]ven harms that flow indirectly from the action in question can be said to be 'fairly traceable' to that

action for standing purposes."). And, these injuries would be redressable by a money judgment against Aetna. (Doc. # 53 at ¶¶ 103, 123); see Resnick v. AvMed, Inc., 693 F.3d 1317, 1324 (11th Cir. 2012) ("Plaintiffs allege a monetary injury and an award of compensatory damages would redress that injury.").

Regarding Lake's claim for declaratory judgment, "to demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief – as opposed to seeking damages for past harm – the plaintiff must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co., 925 F.3d 1205, 1210-11 (11th Cir. 2019) (quoting Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999)). "Injuries sustained from 'past conduct' will not support a claim for declaratory relief absent a showing 'that such conduct has continued or will be repeated in the future.'" MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co., No. 16-20212-CIV-KING/TORRES, 2017 WL 4621159, at *4 (S.D. Fla. Aug. 28, 2017) (citation omitted).

Here, Lake "seeks a declaration that he is entitled to coverage for [proton beam radiation therapy]." (Doc. # 63 at 12; Doc. # 53 at ¶ 118). However, nowhere in the amended

complaint does Lake allege that he is seeking additional proton beam radiation therapy. To the contrary, Lake alleges only that he has completed his therapy "with success." (Doc. # 53 at ¶ 72). Thus, Lake seeks a judgment as to Aetna's past conduct – its previous denial of coverage, and lacks standing to do so.[1] See Hitchcock v. USAA Cas. Ins. Co., No. 6:18-cv-1986-JA-EJK, 2020 WL 364600, at *2 (M.D. Fla. Jan. 22, 2020) ("The only relief Hitchcock seeks in Count II is a declaratory judgment. But Hitchcock alleges only injury in the past, and

---

1. Insofar as Lake seeks a declaration regarding his rights under the insurance plan, Lake does not allege that Aetna is a party to the plan. See (Doc. # 53 at ¶ 4 ("Lake contracted with the School Board for health insurance and had a valid and enforceable agreement that required the School Board to not unreasonably deny coverage.")); see also (Doc. # 63 at 9 (noting a contract between Aetna and the School Board, not between Aetna and Lake)). To the contrary, the amended complaint alleges that Aetna tortiously interfered with the plan between Lake and the School Board. (Doc. # 53 at ¶¶ 9, 40-48, 66, 71). The Court will not enter a declaratory judgment as to the scope of a contract against a defendant who is not alleged to be a party thereto. See First Auto. Serv. Corp., N.M. v. First Colonial Ins. Co., No. 3:07-cv-682-TJC-TEM, 2008 WL 816973, at *4 (M.D. Fla. Mar. 25, 2008) ("It is essential that the defendant in a declaratory judgment action be the party [] whose interest will be affected by the decree." (citation omitted)); see also Presson v. Haga, No. 1:18-cv-00099-SNLJ, 2018 WL 4279445, at *3 (E.D. Mo. Aug. 31, 2018) ("Defendant is not a party to that contract; at minimum, Plaintiffs provide no explanation as to how Defendant, as a non-signatory to the contract, should nonetheless be deemed bound by it. And, thus, there are no rights and obligations to be declared under that contract as between Defendant and Plaintiffs.").

she does not identify an actual, ongoing controversy as to USAA's current or future duties to her. She seeks a ruling as to the propriety of USAA's past conduct – conduct that allegedly already caused her injury in the form of a $2.9 million excess judgment. Such a ruling would merely be an advisory opinion.").

Lake also lacks standing to pursue injunctive relief for the same reason. See Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328-29 (11th Cir. 2013) ("The 'injury-in-fact' demanded by Article III requires an additional showing when injunctive relief is sought. In addition to past injury, a plaintiff seeking injunctive relief 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" (citation omitted)). And even if Lake had standing to pursue an injunction, "injunctive relief is not a proper claim for relief in and of itself, but rather a remedy that is available upon a finding of liability on a claim." GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc., 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015). Therefore, Lake cannot assert a standalone claim for injunctive relief. See Id. ("Because injunctive relief is not a proper claim, Counts X and XI will also be dismissed without prejudice."). Accordingly, Count III is dismissed for lack of standing.

## 2. **Tortious Interference with a Contractual Relationship**

Next, Aetna argues that Count I – Lake's claim for tortious interference with a contractual relationship – fails because: (1) "Aetna, as claims administrator, was not a stranger to the transaction," and (2) Lake "has not pleaded a single fact to support his far-fetched theory, instead only parroting the elements of the tort." (Doc. # 61 at 3, 9-13). Lake responds that "where, as here, a plaintiff alleges that a 'non-stranger' defendant has acted in bad faith or employed improper methods to interfere in a contractual relationship, the defendant's privilege to interfere is limited," and that he has plausibly pled his claim. (Doc. # 63 at 5).

To state a claim for tortious interference with a contractual relationship under Florida law, the plaintiff must sufficiently allege: "(1) the existence of a contract, (2) the defendant's knowledge of the contract, (3) the defendant's intentional procurement of the contract's breach, (4) absence of any justification or privilege, and (5) damages resulting from the breach." Glob. Tel*Link Corp. v. Scott, 652 F. Supp. 2d 1240, 1248 (M.D. Fla. 2009).

Generally, "a claim for tortious interference with contract cannot lie where the alleged interference is

directed at a business relationship to which the defendant is a party." Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1294 (11th Cir. 2001). Thus, "the interfering defendant must be a third party, a stranger to the business relationship." Id. (quoting Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 386 (Fla. 4th DCA 1999)); see also Merrett v. Liberty Mut. Ins. Co., No. 3:10-cv-1195-HWM-MCR, 2012 WL 37231, at *4 (M.D. Fla. Jan. 6, 2012) ("To maintain an action for tortious interference with contractual rights, a plaintiff must establish that a separate entity, third-party or stranger interfered with the contract by influencing, inducing or coercing one of the parties to break the contract.").

However, "the privileged interference enjoyed by a party that is integral to a business relationship is not absolute." Poole & Kent Co. v. Tetra Tech, Inc., No. 09-21749-CIV-GOLD/MCALILEY, 2010 WL 11505134, at *5 (S.D. Fla. Sept. 2, 2010) (quoting O.E. Smith's Sons, Inc. v. George, 545 So.2d 298, 299 (Fla. 5th DCA 1989)). "Where there is a qualified privilege to interfere with a business relationship, the privilege carries with it the obligation to employ means that are not improper." Morsani v. Major League Baseball, 663 So.2d 653, 657 (Fla. 2d DCA 1995). "In other words, the privilege

does not encompass the purposeful causing of a breach of contract." McCurdy v. Collis, 508 So.2d 380, 384 (Fla. 5th DCA 1987). Whether the interference was justified or privileged "is a fact-intensive inquiry that requires 'an examination of the defendant's conduct, its motive, and the interests it sought to advance.'" Duty Free Ams., Inc. v. Estee Lauder Cos., 797 F.3d 1248, 1280 (11th Cir. 2015) (quoting Sec. Title Guar. Corp. of Balt. v. McDill Columbus Corp., 543 So.2d 852, 885 (Fla. 2d DCA 1989)).

Here, even assuming that Aetna is not a stranger to the business or contractual relationship, the Court is not in a position to determine whether Aetna's conduct was justified or privileged. Accepting the facts alleged in the amended complaint as true, Aetna "induce[d] the School Board . . . to rely on [its] unjustified description of [proton beam radiation therapy as] 'experimental or investigational' or 'not medically necessary,'" purposely basing these determinations on "outdated medical evidence" so as "to reduce the amount of [proton beam radiation therapy] claims that are approved across all of its plans." (Doc. # 53 at ¶¶ 41-43). The Court will be in a better position to determine whether Aetna's conduct was privileged at summary judgment.

And, the Court finds that Lake has sufficiently pled the

remaining elements of its claim for tortious interference of a contractual relationship. The amended complaint avers the existence of Lake's contract for health insurance, that Aetna was aware of the contract as it administered the insurance plan, that it intentionally induced the School Board to deny Lake's request for reimbursement of proton beam radiation therapy despite it being medically necessary, and that Lake was damaged by that breach. (Doc. # 53 at ¶¶ 40-45; 93-104). Nothing more is needed at this stage, and the Court therefore denies the Motion as to Count I. See Salazar v. Am. Sec. Ins. Co., No. 8:13-cv-2002-EAK-TBM, 2014 WL 978405, at *3 (M.D. Fla. Mar. 12, 2014) ("In Plaintiff's complaint, he claimed that there was a mortgage contract between Plaintiff and Chase that Defendant knew of, that Defendant has intentionally withheld the benefits required to be paid under that contract without justification or privilege, and that Plaintiff has suffered damages. . . . Plaintiff has claimed all elements of tortious interference and there is a plausible set of circumstances where Plaintiff could receive relief.").

### 3. Class Allegations

Finally, Aetna moves to strike the class allegations, arguing that (1) Lake "lacks standing to assert claims in his own right[, and therefore] . . . cannot represent a class,"

18

(2) there is no typicality, and (3) the amended complaint "presents individual questions of fact and law, failing the predominance requirement." (Doc. # 61 at 19). Lake responds that dismissal of his class allegations is premature at this stage and additional discovery should be permitted. (Doc. # 63 at 16). In any case, Lake contends that his claims are typical of the class, and that individual questions of fact and law will not predominate. (Id. at 17-18).

As to Aetna's first argument, the Court has already found that Lake has standing to pursue his claim for tortious interference. And, the Court agrees with Lake that Aetna's request to evaluate the sufficiency of the class allegations is premature. Indeed, "arguments attacking class allegations 'are better suited to an opposition to a motion for class certification.'" Desmond v. CitiMortgage, Inc., No. 1:12-cv-23088, 2015 WL 845571, at *5 (S.D. Fla. Feb. 25, 2015) (citation omitted). Dismissal of class allegations at the pleading stage "is an extreme remedy appropriate only where a defendant demonstrates from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove." Lawson v. Life of the S. Ins. Co., 286 F.R.D. 689, 695 (M.D. Ga. 2012) (internal quotation marks and citation

omitted) (emphases omitted).

With additional fact discovery, the Court cannot say that it would be impossible for Lake to show that Aetna's directing plan sponsors to deny claims for proton beam radiation therapy is typical of the class. Nor is the Court convinced at this stage that it would be impossible for Lake to meet the predominance requirement. See Desmond, 2015 WL 845571, at *5 ("[T]he Court noted that potential barriers to certification pointed out by the defendant in a motion to strike class allegations 'may fall away or at least become more manageable' after discovery, denied the motion to strike class allegations and explained that it would decide whether to certify a class 'on a more fully developed record.'" (quoting James D. Hinson Elec. Contracting Co. v. AT & T Servs., Inc., No. 3:13-cv-29-TJC-JRK, 2014 WL 1118015, at *5 (M.D. Fla. Mar. 20, 2014))); see also Romano v. Motorola, Inc., No. 07-CIV-60517, 2007 WL 4199781, at *3 (S.D. Fla. Nov. 26, 2007) ("To dismiss Plaintiff's class allegation before discovery would be an acknowledgment by this court that class certification is impossible, an assertion this Court is not inclined to make. Therefore, Defendant's motion to strike class allegations is denied.").

Lastly, Aetna has not argued, let alone demonstrated,

that the class allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f) (noting the standard to strike material from a complaint); see also Desmond, 2015 WL 845571, at *6 (denying a motion to strike class allegations because the defendant had not shown that the allegations were "redundant, immaterial, impertinent, or scandalous"). Thus, the Motion is denied as to this relief.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Pinellas County School Board's Motion to Dismiss Amended Complaint (Doc. # 58) is **DENIED.**

(2) Defendant Aetna Life Insurance Company's Motion to Dismiss Amended Complaint and to Strike (Doc. # 61) is **GRANTED** in part and **DENIED** in part.

(3) Count III is **DISMISSED** for lack of standing.

(4) Defendants' answers to the amended complaint (Doc. # 53) are due by **July 12, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of June, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE